IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| ATP OIL & GAS CORPORATION | * | |
| | * | CASE NO. 12-36187 |
| Debtor | * | |
| | * | CHAPTER 7 |
| | * | |

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE | * | ADVERSARY NO. 14-03280 |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| WATER QUALITY INSURANCE SYNDICATE | * | |
| | * | |
| | * | |
| Defendant | * | |

## MEMORANDUM OF WQIS IN SUPPORT OF CONSENT MOTION TO VACATE ORDER AND OPINION

At the hearing on the Motion to Approve Compromise on November 19, 2015, the Court and counsel discussed the provision of the approved settlement agreement which requires the Trustee to join WQIS in a motion to vacate the Court's June 5 memorandum opinion (Doc. 25) and order (Doc. 26) on the Trustee's motion for partial summary judgment. The Court expressed its hesitancy about such a provision, and granted WQIS thirty days to file a motion and brief the issue. Since the Trustee is bound by the settlement agreement to agree to the motion, there will be no further briefing on the issue and the matter is ripe for decision. WQIS would welcome the opportunity for oral argument if the Court deems it appropriate.

1

The issue for decision is whether a bankruptcy court may vacate its own memorandum opinion pursuant to a settlement agreement between the parties which provides for such a vacatur.

As set forth below, this Honorable Court has the legal authority to vacate its' opinion and order in this matter.

### I. APPLYING AN EQUITABLE BALANCING STANDARD, A BANKRUPTCY COURT IS PERMITTED TO VACATE ITS OWN MEMORANDUM OPINION AT ITS DISCRETION.

In *U.S. v. Munsingwear, Inc.*, the Supreme Court held that the established practice of an appellate court reviewing a case that became moot pending the appeal was to vacate the judgment of the lower court and remand with direction to dismiss, reasoning that such action "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary." 340 U.S. 36, 39–40 (1950).

Over forty years later, the Supreme Court restricted its holding by ruling that courts sitting *in appellate review* should no longer vacate a final decision which became moot purely as a result of a party's voluntary action, namely settlement. *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994). Under this reasoning, the losing party in the lower court voluntarily forfeits his remedy at the appellate level by engaging in the settlement. *Id.* at 25. The Court considered vacatur to be an "extraordinary remedy" and held that when granting such equitable relief, federal courts "must also take account of the public interest." *Id.* at 26. The Court continued: "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court

concludes that the public interest would be served by a vacatur." *Id.* (internal quotations and citations omitted).

Significantly, the Court qualified its holding in two ways. First, the Court stated that a settlement should not act as a *per se* block to vacatur, but that "exceptional circumstances may conceivably counsel in favor of such a course." *Id.* at 29. Second, the Court stated that

> Of course, even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, *which it may do so pursuant to Federal Rule of Civil Procedure 60(b).*[2]

*Id.* (emphasis added). The second qualification suggests that the exceptional circumstances standard applies only to courts considering decisions *on appeal* and not to situations where a court is considering a motion to vacate its own opinion. Subsequent case law supports this interpretation.

## II.   *BANCORP* DOES NOT APPLY TO A COURT VACATING ITS OWN OPINION

Following the Court's *Bancorp* decision, the Ninth Circuit, from which the *Bancorp* case had come, faced the situation envisioned under the second limitation to the *Bancorp* ruling. *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164 (9th Cir. 1998). In *American Games*, following the district court's decision on a copyright infringement against the plaintiff, and pending an appeal at the Ninth Circuit, the parties entered into a merger which rendered the appeal moot on account of the parties' interests no longer being adverse to one another. *Id.* at 1166. The

---

2 Fed. R. Civ. P. 60(b)(5), as made applicable through Fed. R. Bankr. P. 9024, states:
    (b)    GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING: On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    . . .
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Ninth Circuit dismissed the appeal and remanded to the district court to consider the motion to vacate its own decision. *Id.* The district court granted the vacatur of its own opinion over the objection of an intervenor who was the defendant in a similar suit brought by the same plaintiff based on "an equitable balancing of the hardships and the public interests at stake." *Id.* Claiming that the district court erred by failing to apply the exceptional circumstances test propounded in *Bancorp*, the intervenor appealed to the Ninth Circuit. *Id.* at 1167.

The Ninth Circuit affirmed, stating that Ninth Circuit decisions after *Bancorp* supported the notion that *even without exceptional circumstances* a district court has the power to "decide whether to vacate its judgment in light of the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes." *American Games*, 142 F.3d at 1168 (internal quotations and citations omitted). The *Bancorp* decision never stated the standard that a court of first impression should apply when considering a motion to vacate its own ruling and therefore such courts are free to apply an equitable balancing test "even if [the litigants] had mooted their case by settlement." *Id.* at 1169. Because the evidence showed that the merger was not entered into for the sole purpose of vacating the judgment, the district court's discretion in vacating its own judgment was upheld. *Id.* at 1170.

The ruling in *American Games* was also followed in *Movitz v. Fiesta Investments (In re Ehmann)* where the parties entered into a settlement with the express condition in the settlement that the Bankruptcy Court vacate its opinion. 337 B.R. 228 (Bankr. D. Ariz. 2006). The court expressly stated that although the losing defendant had a clear interest in eliminating any precedential effect of the court's order, the equities weighed "heavily in favor of the settlement and vacating the Opinion." *Id.* at 230. The court balanced the interest of the court in not allowing

4

a party to "buy and bury" the unfavorable decision against the interests of the estate and the unsecured creditors, and held that "because a bankruptcy court opinion has essentially no precedential value beyond law of the case and the inherent logic of its analysis," equity demanded vacating the opinion. *Id.*

A Texas bankruptcy case similarly found reason to avoid the exceptional circumstances standard of *Bancorp*. In *Fairchild Aircraft, Inc. v. Campbell (In re Fairchild Aircraft Corp.)*, Fairchild Aircraft, Inc., (FAI) was sued when an airplane manufactured by its predecessor in interest, Fairchild Aircraft Corporation (FAC), crashed in Tennessee. 220 B.R. 909 (Bankr. W.D. Tex. 1998). FAI requested the Bankruptcy Court for the Western District of Texas, where the underlying bankruptcy proceeding was filed, to enjoin the Tennessee litigation from proceeding. *Id.* at 910–11. The bankruptcy court denied FAI's request and that decision was appealed to the district court. *Id.* at 911. Subsequently, FAI prevailed at the district court level in Tennessee and the Tennessee plaintiffs appealed to the Sixth Circuit, which in turn ordered the parties into mediation. *Id.* The mediation resulted in a settlement between the parties that rendered the decision of the Texas bankruptcy court moot. *Id.* In an attempt to avoid an adverse precedential impact on future litigation, FAI filed a motion for the bankruptcy court to vacate its own opinion. *Id.*

After recognizing that, on its face, the case appeared to fit squarely within the scenario of *Bancorp* (a decision was rendered moot by a subsequent settlement voluntarily entered into by the losing party while an appeal was pending), the court distinguished the case on the grounds that the settlement was actually entered into as a result of mandatory mediation in a different suit in a different court. *Fairchild*, 220 B.R. at 914. Following the Tennessee settlement, the bankruptcy appeal was no longer truly an actual case or controversy and the court considered the case to be

more akin to *Munsingwear* and applied an equitable balancing test as opposed to searching for exceptional circumstances. *Id.* While the settlement was procured in a separate suit in a separate court, the settlement was nonetheless entered into with the purpose of vacating the bankruptcy decision because that was one of the conditions of the settlement, insisted upon by FAI itself. *Id.* The motivation behind this provision was "to assure that FAI would, if ever the need arose, yet have its day in court to litigate (with full right to appellate review) the efficacy of the discharge injunction and [the bankruptcy] court's confirmation order *vis-a-vis* successor liability suits." *Id.* at 915.

Here, the decision on appeal is on an issue important to WQIS…an issue which in the absence of bankruptcy jurisdiction here would be mandated by the parties' choice of forum clause to be heard in New York. The issue of the duty, if any, of WQIS to advance attorneys' fees under its pollution indemnity policy is one that is likely to recur. As the Court has stated, the issue is a close one, and part of WQIS's motivation to settle rather than continue the pending appeal was the Trustee's agreement to the vacatur of the opinion on appeal. The case law demonstrates that the Court should give effect to the parties' agreement where, as here, the equities weigh in favor of vacatur.

## CONCLUSION

A bankruptcy court, sitting as a court of first impression, is not bound by the ruling in *Bancorp* prohibiting appellate courts from vacating opinions rendered moot by voluntary settlement between the parties outside of exceptional circumstances. Bankruptcy courts should use an equitable balancing standard weighing the relative hardships and the public interest affected by vacating its own order pursuant to a settlement. No public interest is harmed by honoring the agreement of the parties in their settlement to vacate the opinion and order on partial summary

judgment, and in the absence of such harm, the Court should give effect to the bargain the parties made.

>Respectfully submitted,
>
>**MONTGOMERY BARNETT, L.L.P.**
>
>/s/ *Stephen L. Williamson*
>Stephen L. Williamson (La. Bar No. 8316)
>Michael E. Landis (La. Bar No. 36542)
>1100 Poydras Street, Suite 3300
>New Orleans, LA 70163
>Telephone:   (504) 585-3200
>Facsimile:   (504) 585-7688
>E-mail:      swilliamson@monbar.com
>             mlandis@monbar.com
>
>*Attorneys for Water Quality Insurance Syndicate*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served electronically upon counsel for the Debtor via the ECF noticing system this 22nd day of December, 2015.

/s/ *Stephen L. Williamson*
Stephen L. Williamson (La. Bar No. 8316)
Michael E. Landis (La. Bar No. 36542)
Montgomery Barnett, L.L.P.
1100 Poydras Street, Suite 3300
New Orleans, LA 70163
Telephone:   (504) 585-3200
Facsimile:    (504) 585-7688
E-mail:        swilliamson@monbar.com
                   mlandis@monbar.com

*Attorneys for Water Quality Insurance Syndicate*